MELINDA HAAG (CABN 132612)
United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division
COLIN SAMPSON (CABN 249784)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7020
     Facsimile: (415) 436-7009
     Email: Colin.Sampson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  5:14-cv-5664 |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | COMPLAINT FOR INJUNCTION AND TO |
| | ) | REDUCE FEDERAL TAX ASSESSMENTS TO |
| CHUL GOO PARK, individually and doing | ) | JUDGMENT |
| business as SEOUL GOM TANG; and EUN | ) | |
| LEE LEE, | ) | |
| | ) | |
|     Defendants. | ) | |

COMES NOW, the United States of America, by and through its undersigned counsel, and

complains and alleges as follows:

JURISDICTION AND VENUE

1.     This is a civil action brought by the United States to reduce to obtain a permanent

injunction against Chul Goo Park ("Park," or Defendant) and Eun Lee Lee ("Lee," or Defendant) from

(a) failing to withhold federal taxes from employee wages, (b) failing to file timely Employer's

Quarterly Federal Tax Returns (Form 941) and Employer's Annual Federal Unemployment Tax Return

(Form 940), (c) failing to make timely federal employment and unemployment tax deposits to a federal

UNITED STATES' COMPLAINT

1

1  depository bank, and (d) failing to timely make federal employment and unemployment payments to the

2  Internal Revenue Service ("IRS").

3      2.      The United States further brings this action to reduce to judgment federal income tax

4  assessments against Defendants.

5      3.      This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402(a), at the direction of a

6  delegate of the Attorney General of the United States, and at the request of the Chief Counsel of the

7  Internal Revenue Service, a delegate of the Secretary of the Treasury.

8      4.      Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345,

9  and under 26 U.S.C. §§ 7402.

10      5.      Pursuant to 28 U.S.C. §§ 84, 1391 and 1396, venue is proper in the Northern District of

11  California because a substantia part of the events or omissions giving rise to the United States' claims

12  occurred within the Northern District of California, the Defendants Chul Goo Park and Eun Lee Lee

13  reside within this District, and the tax liabilities arose within this District.

I.

IDENTIFICATION OF DEFENDANTS

16      6.      Defendants Chul Goo Park and Eun Lee Lee currently reside at 3865 East Wood Circle,

17  Santa Clara, California 95054.  Defendants are married.

18      7.      Defendants own and do business as Seoul Gom Tang, a restaurant located at 3028 El

19  Camino Real in Santa Clara, California.

II.

OBLIGATIONS OF DEFENDANTS AS EMPLOYERS AND

INDIVIDUALS UNDER THE INTERNAL REVENUE CODE

23      8.      Defendants have filed Forms 941 Quarterly Federal Employment Tax Returns and Forms

24  940 Employer's Annual Federal Unemployment Tax Returns reporting wages paid to employees of

25  Seoul Gom Tang performing services for them.  All of the federal employment tax liabilities at issue in

26  this suit are based on federal tax returns voluntarily filed by Defendants.

27      9.      As employers of workers performing services for them, Defendants are required,

28

UNITED STATES' COMPLAINT

1    pursuant to 26 U.S.C. §§ 3102 and 3402, to withhold federal income taxes and Federal Insurance

2    Contributions Act ("FICA") taxes from wages ("trust fund taxes") paid to their employees as and when

3    wages are paid.  Under 26 U.S.C. §7501, Defendants must hold these withheld taxes in trust for the

4    United States.

5         10.    Under 26 U.S.C. § 6302 and the Treasury Regulations (26 C.F.R.) promulgated

6    thereunder, Defendants are further required to deposit with an authorized government depository the

7    withheld income taxes and FICA taxes either monthly or semi-weekly, or by the next banking day if a

8    tax liability of over $100,000 accrues.

9         11.    Under 26 U.S.C. §§ 3111 and 3301, employers are required to pay their own FICA and

10   Federal Unemployment Tax Act ("FUTA") taxes.

11        12.    As employers of workers performing services for them, Defendants are required,

12   pursuant 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. § 31.6071(a)-1, to file (a) Employer's Quarterly

13   Federal Tax Returns (Forms 941) quarterly to report the income and FICA taxes withheld from the

14   wages of their employees and their own FICA taxes and (b) Employer's Annual Federal Unemployment

15   Tax Returns (Forms 940) annually to report their FUTA taxes.

16        13.    Under 26 U.S.C. § 6151, and 26 C.F.R. § 55.6151-1, Defendants are required to pay any

17   taxes due on its Forms 941 and Forms 940 without assessment or notice and demand from the IRS and

18   to pay them no later than the time they are required to file the returns.

19        14.    Under 26 U.S.C. § 6072 and 26 C.F.R. § 6072-1, Defendants are required to file Federal

20   Income Tax Returns (Form 1040) annually.

21        15.    Under 26 U.S.C. § 6151, Defendants are required to pay any taxes due on their Form(s)

22   1040 without assessment or notice and demand from the IRS and to pay these taxes no later than the

23   date they are required to file the return(s).

## III.

## DEFENDANTS' DEFIANCE OF THE INTERNAL REVENUE LAWS

26        16.    The United States realleges the allegations in paragraphs 1 through 15 above, as if fully

27   set forth herein.

28

UNITED STATES' COMPLAINT

3

17. Defendants have operated the sole proprietorship restaurant Seoul Gom Tang since 2004.

18. In the course of running Seoul Gom Tang, Defendants accrued unpaid Form 941 payroll tax liabilities for the second, third, and fourth quarterly periods of 2008, all four quarters of 2009, all four quarters of 2010, the first, second, and third quarters of 2011, all four quarters of 2013, and the first quarter of 2014.

19. In the course of running Seoul Gom Tang, Defendants accrued unpaid Form 940 federal unemployment tax liabilities for the 2013 tax year.

20. Defendants did not pay the federal unemployment tax (FUTA) taxes for Seoul Gom Tang for the tax year 2013.

21. Because Defendants have failed to pay the FICA and FUTA taxes due, a duly authorized delegate of the Secretary-of the Treasury made assessments against Chul Goo Park , doing business as Seoul Gom Tang, pursuant to 26 U.S.C. §6020(b) for federal employment taxes, FUTA taxes, penalties, interest and other statutory additions for the time periods listed below.  The total tax liability due and owing on these liabilities as of September 26, 2014, is $321,540.29.

| Tax Period Ending | Type of Tax | Unpaid Assessed Balance | Accrued Penalties and Interest as of 8/06/2014 | Total as of 10/27/2014 |
|---|---|---|---|---|
| 9/30/2008 | Employment Tax (FICA) | $3,078.50 | $5,166.30 | $5,198.78 |
| 12/31/2008 | Employment Tax (FICA) | $15,624.23 | $18,662.23 | $18,614.74 |
| 3/31/2009 | Employment Tax (FICA) | $11,666.37 | $13,819.85 | $13,784.69 |
| 6/30/2009 | Employment Tax (FICA) | $11,645.06 | $13,672.63 | $13,637.84 |
| 9/30/2009 | Employment Tax (FICA) | $13,013.94 | $15,392.38 | $15,353.68 |
| 12/31/2009 | Employment Tax (FICA) | $7,839.72 | $9,375.22 | $9,352.05 |
| 3/31/2010 | Employment Tax (FICA) | $11,162.57 | $13,532.03 | $13,499.11 |
| 6/30/2010 | Employment Tax (FICA) | $17,725.67 | $21,752.10 | $21,700.00 |
| 9/30/2010 | Employment Tax (FICA) | $17,021.00 | $21,874.13 | $21,823.97 |
| 12/31/2010 | Employment Tax (FICA) | $19,335.69 | $25,060.18 | $25,003.32 |
| 3/31/2011 | Employment Tax (FICA) | $17,578.82 | $22,561.05 | $22,509.89 |
| 6/30/2011 | Employment Tax (FICA) | $23,967.87 | $30,055.28 | $29,986.55 |
| 9/30/2011 | Employment Tax (FICA) | $18,831.85 | $23,904.61 | $23,772.52 |
| 3/31/2013 | Employment Tax (FICA) | $22,906.66 | $26,650.08 | $26,392.60 |
| 6/30/2013 | Employment Tax (FICA) | $22,162.34 | $24,856.34 | $24,608.09 |
| 9/30/2013 | Employment Tax (FICA) | $22,221.91 | $24,621.99 | $24,372.77 |
| 12/31/2013 | Employment Tax (FICA) | $1,332.54 | $1,356.95 | $1,353.50 |
| 3/31/2014 | Employment Tax (FICA) | $1,575.72 | $1,591.89 | $1,587.84 |

UNITED STATES' COMPLAINT

| 6/30/2014 | Employment Tax (FICA) | $6,277.92 | $-30.91 | $6,247.01 |
| 12/31/2013 | Unemployment Tax (FUTA) | $1,568.04 | $100.49 | $1,668.53 |
| Total | | | | $320,467.48 |

22.     Defendants have further failed to make required quarterly estimated federal income tax (Form 1040) payments.

23.     Defendants entered into an installment agreement with the IRS for payment of their federal employment, unemployment, and income tax liabilities in March 2013, but have defaulted on the agreement for failing to remain current with their deposits.

IV.

FIRST CLAIM FOR RELIEF:

REDUCE OUTSTANDING FEDERAL PAYROLL TAXES TO JUDGMENT.

24.     The United States realleges the allegations in paragraphs 1 through 23 above, as if fully set forth herein.

25.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made timely federal tax assessments against Defendant Chul Goo Park, doing business as Seoul Gom Tang, for federal employment taxes (Form 941), penalties, and other statutory additions for the below listed tax periods:

| Tax Period Ending | Type of Tax | Unpaid Assessed Balance | Accrued Penalties and Interest as of 8/06/2014 | Total as of 10/27/2014 | Notice of Federal Tax Lien Filed |
|---|---|---|---|---|---|
| 9/30/2008 | Employment Tax (FICA) | $3,078.50 | $2,120.28 | $5,166.30 | 5/22/2009 |
| 12/31/2008 | Employment Tax (FICA) | $15,624.23 | $2,990.51 | $18,662.23 | 5/22/2009 |
| 3/31/2009 | Employment Tax (FICA) | $11,666.37 | $2,118.32 | $13,819.85 | 8/07/2009 |
| 6/30/2009 | Employment Tax (FICA) | $11,645.06 | $1,992.78 | $13,672.63 | 1/15/2010 |
| 9/30/2009 | Employment Tax (FICA) | $13,013.94 | $2,339.74 | $15,392.38 | 1/22/2010 |
| 12/31/2009 | Employment Tax (FICA) | $7,839.72 | $1,512.33 | $9,375.22 | 7/30/2010 |
| 3/31/2010 | Employment Tax (FICA) | $11,162.57 | $2,336.54 | $13,532.03 | 7/30/2010 |
| 6/30/2010 | Employment Tax (FICA) | $17,725.67 | $3,974.33 | $21,752.10 | 11/05/2010 |
| 9/30/2010 | Employment Tax (FICA) | $17,021.00 | $4,802.97 | $21,874.13 | 6/17/2011 |
| 12/31/2010 | Employment Tax (FICA) | $19,335.69 | $5,667.63 | $25,060.18 | 6/17/2011 |
| 3/31/2011 | Employment Tax (FICA) | $17,578.82 | $4,931.07 | $22,561.05 | 9/16/2011 |
| 6/30/2011 | Employment Tax (FICA) | $23,967.87 | $6,018.68 | $30,055.28 | 3/23/2011 |
| 9/30/2011 | Employment Tax (FICA) | $18,831.85 | $4,940.67 | $23,904.61 | 4/13/2012 |

UNITED STATES' COMPLAINT

| | | | | | |
|---|---|---|---|---|---|
| 3/31/2013 | Employment Tax (FICA) | $22,906.66 | $34851.94 | $26,650.08 | 8/02/2013 |
| 6/30/2013 | Employment Tax (FICA) | $22,162.34 | $2,445.75 | $24,856.34 | 11/08/2013 |
| 9/30/2013 | Employment Tax (FICA) | $22,221.91 | $2,150.86 | $24,621.99 | 1/03/2014 |
| 12/31/2013 | Employment Tax (FICA) | $1,332.54 | $20.96 | $1,356.95 | 5/16/2014 |
| 3/31/2014 | Employment Tax (FICA) | $1,575.72 | $12.12 | $1,591.89 | 07/25/2014 |
| 6/30/2014 | Employment Tax (FICA) | $6,277.92 | $-30.91 | $6,247.01 | N/A |
| Total | | | | $319,852.25 | |

26.     On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of Treasury made federal tax assessments against Defendant Chul Goo Park, doing business as Seoul Gom Tang, for federal unemployment taxes (Form 940), penalties, and other statutory additions for the below listed tax periods:

| Tax Period Ending | Type of Tax | Unpaid Assessed Balance | Accrued Penalties and Interest as of 10/27/2014 | Total as of 10/27/2014 | Notice of Federal Tax Lien Filed |
|---|---|---|---|---|---|
| 12/31/2013 | Unemployment Tax (FUTA) | $1,568.04 | $120.00 | $1,688.04 | 5/16/2014 |
| Total | | | | $1,688.04 | |

27.     Timely notice of and demand for payment of the assessments set forth in Paragraphs 26 and 27, above, has been made upon Defendant as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

28.     Despite notice and demand for payment of the assessments set forth in Paragraphs 25 and 26, above, Defendant has neglected, refused, or failed to pay the tax assessments against him and, as of October 27, 2014, there remains due and owing to the United States on those assessments the total sum of $321,540.29, plus statutory interest and other statutory additions as provided by law.

<u>V.</u>

SECOND CLAIM FOR RELIEF:

TO REDUCE OUTSTANDING FEDERAL INCOME TAXES TO JUDGMENT

29.     The United States realleges the allegations in paragraphs 1 through 28 above, as if fully

UNITED STATES' COMPLAINT

1 set forth herein.

2      30.      On the dates and in the amounts set forth below, a duly authorized delegate of the

3 Secretary of Treasury made federal tax assessments against Defendants, for federal income taxes (Forms

4 1040), penalties, and other statutory additions as follows:

| Tax Period (Year Ending) | Assessment Date | Amount Assessed | Unpaid Balance Plus Accruals as of October 27, 2014 |
|---|---|---|---|
| 2006 | 11/5/2007 | $38,570.00  T[1]<br>$878.83      ETP<br>$857.85      FPTP<br>$1,120.64    I | $33,582.34 |
| 2007 | 11/03/2008<br><br><br>2/15/2020 | $54,034.00  T<br>$1,955.71    ETP<br>$1,751.19    FPTP<br>$1,554.64    I<br>$685.00      T | $80,129.81 |
| 2008 | 8/10/2009 | $62,213.00  T<br>$1,999.31    ETP<br>$1,244.26    FPTP<br>$802.78      I | $93,301.32 |
| 2009 | 08/02/2010 | $31,590.00 T<br>$737.17      ETP<br>$615.80      FPTP<br>$369.98      I | $44,372.68 |
| 2010 | 11/21/2011 | $23,299.00 T<br>$482.49      ETP<br>$899.96      FPTP<br>$516.19      I | $31,397.71 |
| 2011 | 11/19/2012 | $20,064.00 T<br>$397.22      ETP<br>$802.56      FPTP<br>$361.72      I | 26,883.16 |
| 2012 | 11/04/2013 | $59,376.00 T<br>$399.68    ETP<br>$2,078.16 FPTP<br>$998.95      I | $71,603.11 |
| 2013 | 7/28/2014 | $22,968.00 T<br>$412.42      ETP<br>$459.36      FPTP | $24,841.70 |

---

[1] T =  Tax
   ETP = Estimated Tax Penalty
   FPTP = Failure to Pay Tax Penalty
   I = Interest

UNITED STATES' COMPLAINT

| | | $197.16 | I | |
|---|---|---|---|---|
| Total | | | | $406,111.83 |

31.     Timely notice of and demand for payment of the assessments set forth in Paragraph 30, above, has been made upon Defendants as required by Section 6303 of the Internal Revenue Code, Title 26 U.S.C.

32.     Despite notice and demand for payment of the assessments set forth in Paragraphs 30, above, Defendants have neglected, refused, or failed to pay the tax assessments against them and, as of October 27, 2014, there remains due and owing to the United States on those assessments the total sum of $406,111.83, plus statutory interest and other statutory additions as provided by law.

VI.

THIRD CLAIM FOR RELIEF:

TO ENJOIN DEFENDANTS PURSUANT TO 26 U.S.C. § 7402(a)

33.     The United States realleges the allegations in paragraphs 1 through 32 above, as if fully set forth herein.

34.     This action is brought under Section 7402(a) of the Internal Revenue Code, 26 U.S.C., which authorizes a district court of the United States to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," even when the United States has other remedies available for enforcement of those laws.  The injunction remedy is in addition to and not exclusive of other remedies available to the United States. To obtain injunctive relief under Section 7402(a), the United States need only satisfy the requirements thereunder.

35.     Suits for injunctions are appropriate against employers and their responsible officers who have a history of pyramiding federal trust fund taxes and who continue to do so despite the Service's enforcement efforts. *See Fifty Below Sales & Marketing, Inc. v. United States*, 98 A.F.T.R. 2d 5093 (D. Minn. July 5, 2006), (permanent injunction granted, 100 A.F.T.R. 2d 6535 (D. Minn. Nov. 5, 2007)); *United States v. Eaton*, 108 A.F.T.R. 2d 6090 (E.D. Cal. Sept. 2, 2011); *United States v. Molen*, 93 A.F.T.R. 2d 301 (E.D. Cal. Dec. 12, 2003); *United States v. Lopez*, 88 A.F.T.R. 2d 5131 (S.D. Cal. 2001).

UNITED STATES' COMPLAINT

8

36.     Defendants are substantially interfering with the internal revenue laws by failing to pay the employment tax obligations of Chul Goo Park, doing business as Seoul Gom Tang as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and failing to file its employment tax returns as required by 26 U.S.C. § 6011 and Treasury Regulation (26 C.F.R.) § 31.6071(a)-1.  An injunction is appropriate and necessary to prevent continuing violations.

37.     The United States lacks an adequate legal remedy to prevent additional pyramiding and will suffer irreparable harm as a result of a continued pattern of non-compliance with the internal revenue laws. While the IRS has statutory enforcement procedures by which it may seek to collect past tax liabilities administratively, these administrative procedures are inadequate to prevent Defendants from continuing to accumulate further tax liabilities and are also inadequate to cause Defendants to withhold taxes from the wages of employees of Seoul Gom Tang, to resume making timely federal tax deposits, and to resume making timely federal tax payments and filing timely employment and income tax returns.  To date, the IRS has been unable to collect the outstanding liabilities from the defendants.

38.     The harm suffered by the United States as a result of continuing pyramiding outweighs any harm to Defendants by forcing them to pay the employment tax obligations of Seoul Gom Tang and to secure future compliance with its employment tax obligations.

39.     An injunction in this case would serve the public interest.  The efficacy of the federal tax system relies on employers to collect and remit income, FICA, and FUTA taxes paid by its employees, and Defendants' pyramiding undermines this vital cog in our system of tax collection.  Additionally, by using the tax money for their own business and operating expenses, Defendants receive an involuntary subsidy from the taxpayers of the United States, and an unfair competitive advantage over competitors who comply with the tax laws.

40.     Defendants' flouting of the internal revenue laws, unless enjoined, will continue to cause hardship on the employees of Seoul Gom Tang, who lack the benefit of income and FICA tax withholding.

41.     In the absence of an injunction backed by the Court's contempt powers, Defendants are is likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by

UNITED STATES' COMPLAINT

1    pyramiding its taxes to the detriment of the United States.

2        42.    Defendants will not be harmed by a permanent injunction compelling them to obey the

3    internal revenue laws.

4        43.    A permanent injunction against Defendants is necessary and appropriate for the

5    enforcement of the internal revenue laws, and thus, benefits the public.

6        WHEREFORE, upon its allegations, Plaintiff United States of America respectfully prays that:

7        A.    That this Court enter Judgment against Defendant Chul Goo Park, doing business as

8    Seoul Gom Tang, and in favor of the United States as to Count One of the Complaint, in the amount of

9    $321,540.29, less any additional credits according to proof, plus interest and other statutory additions, as

10   provided by law, that have accrued since October 27, 2014.

11       B.    That this Court enter Judgment against Defendants and in favor of the United States as to

12   Count Two of the Complaint, in the amount of $406,111.83, less any additional credits according to

13   proof, plus interest and other statutory additions, as provided by law, that have accrued since October

14   27, 2014.

15       C.    The Court determine and adjudge that defendants have engage and continue to engage in

16   conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under

17   I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

18       D.    That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction prohibiting Defendants,

19   and their representatives, partners, agents, servants, employees, attorneys, and anyone in active concert

20   or participation with them, from failing to pay over to the IRS all federal taxes, including federal

21   income, FICA, and FUTA taxes, and to pay the balances due at the time of filing as required by law;

22       E.    That this Court, 26 U.S.C. § 7402, enter an injunction requiring Defendants to make

23   quarterly estimated income tax payments, as required by 26 U.S.C. §§ 6654(c) and (d), of 25% of either

24   100% or 110% of their prior-year's federal income tax liability on or before the due dates of their

25   estimated income tax deposits, depending on their adjusted gross income;

26       F.    That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants,

27   for a period of five years, to timely and accurately file all employment, unemployment, and income tax

28

UNITED STATES' COMPLAINT

1  returns with the IRS;

2      G.      That this Court, 26 U.S.C. § 7402, enter an injunction requiring Defendants to file all

3  unfiled or past-due income, employment, and unemployment tax returns within sixty (60) days of the

4  date of entry of the Injunction;

5      H.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants,

6  for a period of five years, to deposit withheld FICA taxes, as well as their share of the FICA and FUTA

7  taxes of Seoul Gom Tang, in an appropriate federal depository bank in accordance with the federal

8  deposit regulations;

9      I.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants,

10  for a period of five years, to deposit FICA and FUTA taxes in an appropriate federal depository bank

11  each quarter in accordance with the federal deposit regulations;

12      J.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants

13  and any other individuals at Seoul Gom Tang responsible for carrying out the duties established under

14  paragraphs (D) and (E), for a period of five years, to sign and deliver affidavits to the revenue officer, or

15  such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the

16  requisite withheld income, FICA, and unemployment tax deposits were timely made;

17      K.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants

18  or any other individual at Seoul Gom Tang, for a period of five years, to timely pay all required

19  outstanding liabilities due on each return required to be filed herein;

20      L.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants,

21  or any other individual at Seoul Gom Tang, for a period of five years, to be prohibited from assigning

22  any property or making any disbursements after the date of this injunction until amounts required to be

23  withheld from wages after the date of this injunction are, in fact, paid to the IRS;

24      M.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants to

25  notify in writing the assigned Revenue Officer of the IRS within 10 business days if either Defendant

26  begins operating any new business enterprise;

27      N.      That this Court, pursuant to 26 U.S.C. § 7402, enter an injunction requiring Defendants to

28

UNITED STATES' COMPLAINT

11

1  post and keep posed in at least one conspicuous place on the premises of Seoul Gom Tang where notices

2  to employees are customarily posted, a copy of this Court's findings and Injunction;

3          O.        That the Court retain jurisdiction over this case to ensure compliance with this injunction;

4  and

5          P.        That this Court grant the United States such other relief, including costs, as is just and

6  equitable.

7

8                                                                Respectfully submitted,

9                                                                MELINDA HAAG
                                                                 United States Attorney

10

11                                                               */s/ Colin C. Sampson*
                                                                 COLIN C. SAMPSON

12                                                               Assistant United States Attorney
                                                                 Tax Division

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' COMPLAINT