1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 SAN JOSE DIVISION

7

8 UNITED STATES OF AMERICA,          Case No.  5:14-cv-05664-EJD

   Plaintiff,

9

   v.                              **ORDER GRANTING PLAINTIFF'S**
10                                 **MOTION FOR SUMMARY JUDGMENT**

11 CHUL GOO PARK, et al.,           Re: Dkt. No. 20

   Defendants.
12

13        Defendants Chul Goo Park and Eun Lee Lee (collectively, "Defendants") are the

14 proprietors of the Seoul Gom Tang restaurant located in Santa Clara, California.  Plaintiff United

15 States of America (the "Government") brings the instant action against Defendants under 26

16 U.S.C. § 7402(a) to reduce to judgment certain federal income tax and other assessments.  The

17 Government also seeks an order enjoining Defendants from further violations of federal tax laws.

18        Federal jurisdiction arises pursuant to 28 U.S.C. § 1340.  Presently before the court is the

19 Government's motion for summary judgment, which is unopposed.  Dkt. No. 20.  This matter is

20 suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having carefully

21 considered the moving papers in conjunction with the record, the court finds, concludes, and

22 orders as follows:

23        1.        A motion for summary judgment should be granted if "there is no genuine dispute

24 as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

25 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  The moving party bears

26 the initial burden of informing the court of the basis for the motion and identifying the portions of

27 the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate

28

United States District Court
Northern District of California

the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go

beyond the pleadings and designate specific materials in the record to show that there is a

genuinely disputed fact.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.

The court must draw all reasonable inferences in favor of the party against whom summary

judgment is sought.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative

testimony in affidavits and moving papers, is not sufficient to defeat summary judgment.  See

Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir.1979).  Instead, the non-moving

party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c);

see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989).  A genuine

issue for trial exists if the non-moving party presents evidence from which a reasonable jury,

viewing the evidence in the light most favorable to that party, could resolve the material issue in

his or her favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v.

Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991).  Conversely, summary judgment must be

granted where a party "fails to make a showing sufficient to establish the existence of an element

essential to that party's case, on which that party will bear the burden of proof at trial."  Celotex,

477 U.S. at 322.

2.      Under 26 U.S.C. § 7402(a), district courts "shall have such jurisdiction to make and

issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to

render such judgments and decrees as may be necessary or appropriate for the enforcement of the

internal revenue laws."

3.      "The Internal Revenue Code requires employers . . . to withhold federal social

security and individual income taxes from the wages of their employees," which are otherwise

known as "trust fund taxes."  Davis v. United States, 961 F.2d 867, 869 (9th Cir. 1992) (citing  26

U.S.C. §§ 3102(a), 3402(a)).  "Although an employer collects this money each salary period,

payment to the federal government takes place on a quarterly basis."  Id.  "In the interim, the

United States District Court
Northern District of California

1    employer holds the collected taxes in trust for the government." Id. (citing 26 U.S.C. § 7501(a)).

2    But "[b]ecause the trust fund taxes seem to be a source of ready cash, it sometimes happens that a

3    company, which has cash flow difficulties, will draw upon them rather than paying them over to

4    the government." Buffalow v. United States, 109 F.3d 570, 572 (9th Cir. 1997).  And "[o]nce net

5    wages are paid to the employee, the taxes withheld are credited to the employee regardless of

6    whether they are paid by the employer, so that the IRS has recourse only against the employer for

7    their payment." Slodov v. United States, 436 U.S. 238, 243 (1978).  "Other taxes, such as those

8    directly owed by the business, are referred to as 'non-trust fund taxes.'" Davis, 941 F.2d at 869.

9        4.    "In an action to collect taxes, the government bears the initial burden of proof." In

10   re Olshan, 356 F.3d 1078, 1084 (9th Cir. 2004) (quoting Palmer v. United States, 116 F.3d 1309,

11   1312 (9th Cir. 1997)).  "The government can usually carry its initial burden . . . merely by

12   introducing its assessment of tax due." United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir.

13   1983).  "Normally, a presumption of correctness attaches to the assessment, and its introduction

14   establishes a prima facie case." Id.  "Introduction of the presumptively correct assessment shifts

15   the burden of proof to the taxpayer." Id. at 1294.  If the taxpayer fails to rebut the presumption,

16   the government is entitled to judgment as a matter of law. See Hansen v. United States, 7 F.3d

17   137, 138 (9th Cir. 1993).

18       5.    "Generally, courts have held that IRS Form 4340 provides at least presumptive

19   evidence that a tax has been validly assessed under [26 U.S.C.] § 6203." Huff v. United States, 10

20   F.3d 1440, 1445 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992)

21   ("Official certificates, such as Form 4340, can constitute proof of the fact that the [tax]

22   assessments were actually made.").

23       6.    Here, the court finds the Government has produced sufficient evidence to establish

24   a prima facie case for its claims that Park failed to pay employment taxes and unemployment

25   taxes, and that Defendants failed to pay income taxes.  To that end, the Certificate of Assessments

26   and Payments (Form 4340s), which are attached as Exhibits 7 through 9 to the Declaration of

27   Howard Baldwin, are presumptive proof that assessments were made against Park, doing business

28

3

1    as Seoul Gom Tang, for $331,523.79 in unpaid employment taxes for 2008 through 2011 and

2    2013, and $2,000.12 in unpaid unemployment taxes for 2013.  These documents also establish that

3    assessments were made against Defendants jointly for $430,396.69 in unpaid federal income taxes

4    for 2006 through 2013, inclusive of interest and penalties through February, 2016.

5          7.      Because they did not respond to the motion, Defendants failed to rebut the

6    presumption of correctness that arises from the Government's evidence and have not disputed any

7    of the facts alleged.  Stonehill, 702 F.2d at 1293.  In fact, the record shows Defendants admitted

8    they filed the tax returns upon which the assessments are based.  Accordingly, the Government is

9    entitled to summary judgment on the first two claims asserted in the Complaint.  See Hansen, 7

10   F.3d at 138; see also Cristobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir. 1994) (holding the court can

11   grant an unopposed motion for summary judgment if "the moving party bears its burden of

12   showing its entitlement to judgment.").

13         8.      What remains is the Government's third claim for a permanent injunction.  "Before

14   a court may issue a permanent injunction, a party must show (1) that it has suffered an irreparable

15   injury; (2) that remedies available at law, such as monetary damages, are inadequate to

16   compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

17   defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved

18   by a permanent injunction."  W. Watersheds Project v. Abbey, 719 F.3d 1035, 1054 (9th Cir.

19   2013) (internal quotations omitted).

20         9.      The court finds the Government has satisfactorily demonstrated the need for a

21   permanent injunction.  As the Government argues in the motion, it will be irreparably harmed by

22   the loss of employment and unemployment taxes if Defendants continue with their refusal to

23   comply with the tax laws.  And if the past if any predictor of the future, Defendants may not

24   voluntarily comply with their obligations absent an order requiring them to do so.

25         10.     The court further finds that other potentially available remedies are inadequate,

26   particularly when ongoing non-compliance results in a significant balance that Defendants'

27   business assets cannot cover.  The balance of hardships also weighs in the Government's favor

28

United States District Court
Northern District of California

Case No.: 5:14-cv-05664-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

because the injunction, when limited to the five years requested, simply requires Defendants to comply with the law.

11.     Finally, the public interest favors the injunction because it will deter Defendants and potentially other business owners from flagrantly ignoring laws designed to protect employees and ensure the payment of taxes.

Based on the foregoing, the the Government has met its burden and is entitled to judgment on it claims for non-payment of taxes.  The Government is also entitled to the permanent injunction it requested in the Complaint.  Accordingly, the motion for summary judgment (Dkt. No. 20) is GRANTED.

The Government shall file a proposed judgment and permanent injunction on or before **July 8, 2016.**

The hearing and Trial Setting Conference scheduled for July 7, 2016, are VACATED.

**IT IS SO ORDERED.**

Dated:  July 5, 2016



EDWARD J. DAVILA
United States District Judge